RICHARD L. FRANKS and ADA J. FRANKS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Franks v. Commissioner
Docket No. 4420-82.
United States Tax Court
T.C. Memo 1983-307; 1983 Tax Ct. Memo LEXIS 482; 46 T.C.M. (CCH) 307; T.C.M. (RIA) 83307; May 31, 1983. Richard L. Franks, pro se. Patrick J. Dowling, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: This case is before the Court on respondent's motion for summary judgment, filed on December 14, 1982, pursuant to Rule 121, [1] and heard on March 14, 1983. Respondent determined the following deficiencies in petitioners' Federal income taxes. Year
Deficiency
1977
$1,149
1978
990
1979
224
The only issue for decision is whether expenses incurred by Mr. Franks for a pilot-training course are nondeductible *483 to the extent he received nontaxable reimbursement from the Veterans Administration. Some of the facts have been deemed admitted pursuant to Rule 90(c). Petitioners Richard L. Franks (hereinafter petitioner) and Ada J. Franks, husband and wife, resided in Springfield, Missouri, when they filed their petition in this case. They filed joint Federal income tax returns for the years in issue with the Internal Revenue Service Center, Kansas City, Missouri. Petitioner is a veteran of the United States Armed Forces. During the years in issue, petitioner was employed as an attorney by Midwest Electrical Company (hereinafter MEC), Springfield, Missouri, and he held a private pilot's license. MEC is a regional electrical construction company which had projects located throughout the midwest during the years in issue. In order to get to those projects faster, petitioner thought it was necessary to fly an airplane, and an airplane was made available to petitioner by MEC. During each of the years in issue petitioner took a flight training course offered by Springfield Flying Service, Springfield, Missouri, for which he incurred tuition and fees. Under 38 U.S.C. sec. 1677, *484 the Veterans Administration (VA) paid him the following amounts as reimbursement for 90 percent of such tuition and fees: Year
VA Reimbursement
1977
$3,843
1978
2,779
1979
715
As a result of the flight training course, petitioner obtained a certificate for commercial instrument and multiple engine rating. On petitioner's 1977, 1978, and 1979 returns, he excluded from income the above-mentioned VA reimbursement which he received during those years. Petitioner also deducted as educational expenses on his 1977, 1978, and 1979 returns the VA reimbursement which he received during each of those years. In the notice of deficiency, respondent disallowed those deductions. Respondent contends that petitioner may not deduct the claimed educational expenses because such expenses, which were reimbursed by the VA, constituted tax-exempt income and, therefore, are not deductible under section 265. [2] Alternatively, respondent contends that petitioner's expenditures for the flight training course qualified him for a new trade or business as a pilot and, therefore, are not deductible under section 162. See sec. 1.162-5(b)(3), Income Tax Regs.
*485 We addressed this precise issue in Manocchio v. Commissioner,78 T.C. 989 (1982), on appeal (9th Cir. Sept. 20, 1982), and held that section 265 disallowed the deduction of flight training expenses reimbursed by the VA. Thus, even assuming that petitioner's flight training course did not qualify him for a new trade or business as a commercial pilot, [3] section 265 provides that no deduction is allowed for any amount, otherwise allowable as a deduction, which is "allocable to" a class of income exempt from tax. In Manocchio, we held that the reimbursements received from the VA qualified as a class of tax exempt income and that the underlying relationship between the reimbursement and the expense brought such expense within the "allocable to" requirement of section 265. Our opinion in Manocchio *486 is dispositive of the instant case, and we sustain respondent's determination. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. All section references are to the Internal Revenue Code of 1954, as amended.↩
3. We do not find the record in the instant case to be entirely clear as to whether or not petitioner's flight training course gave him the necessary credentials to be a commercial pilot. We assume that it did not only for purposes of the disposition of this case, since, even with such an assumption, respondent properly disallowed the deduction under section 265.↩